**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| BREANNA L. M., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 22-cv-00100-SH |
| ) | |
| KILOLO KIJAKAZI, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Pursuant to 42 U.S.C. § 405(g), Plaintiff Breanna L. M. requests judicial review of the decision of the Commissioner of Social Security ("Commissioner") denying her claim for supplemental security income benefits under Title XVI of the Social Security Act (the "Act"), 42 U.S.C. § 1381-1383f. In accordance with 28 U.S.C. § 636(c), the parties have consented to proceed before a United States Magistrate Judge. For the reasons explained below, the Court **REVERSES and REMANDS** the Commissioner's decision denying benefits.

**I.    Disability Determination and Standard of Review**

Under the Act, an individual is disabled if she is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The impairment(s) must be "of such severity that [s]he is not only unable to do h[er] previous work but cannot, considering h[er] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 1382c(a)(3)(B).

Social Security regulations implement a five-step sequential process to evaluate disability claims. 20 C.F.R. § 416.920. "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988). Under the five-step process, the Commissioner inquires into: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant suffers from severe medically determinable impairment(s); (3) whether the impairment meets or equals a listed impairment from 20 C.F.R. pt. 404, subpt. P, app. 1; (4) considering the Commissioner's assessment of the claimant's residual functional capacity ("RFC"), whether the claimant can still do her past relevant work; and (5) considering the RFC and other factors, whether the claimant can perform other work. 20 C.F.R. § 416.920(a)(4)(i)-(v). Generally, the claimant bears the burden of proof for the first four steps, assuming the impairment is not conclusively presumed to be disabling. *Bowen v. Yuckert,* 482 U.S. 137, 146 n.5 (1987). At the fifth step, the burden shifts to the Commissioner to provide evidence that other work the claimant can do exists in significant numbers in the national economy. 20 C.F.R. § 416.960(c)(2).

Judicial review of the Commissioner's final decision is limited to determining whether the Commissioner has applied the correct legal standards and whether the decision is supported by substantial evidence. *See Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). The "threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). It is more than a scintilla but means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The Court will "meticulously examine the record as a whole, including anything that may

undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met," *Grogan*, 399 F.3d at 1262, but it will neither reweigh the evidence nor substitute its judgment for that of the Commissioner, *Bowman v. Astrue,* 511 F.3d 1270, 1272 (10th Cir. 2008). Even if a court might have reached a different conclusion, the Commissioner's decision stands if it is supported by substantial evidence. *See White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002).

## II. Background and Procedural History

Plaintiff applied for Title XVI benefits with a protective filing date of August 27, 2019. (R. 15, 214-19.) In her application, Plaintiff alleged she had been unable to work since July 13, 2010, due to major depressive disorder, generalized anxiety disorder, posttraumatic stress disorder ("PTSD"), and panic attacks. (R. 214, 246.) Plaintiff was 28 years old on the date of the ALJ's decision. (R. 23, 214.) She has a high school education and past work as a nursery school attendant, janitor, and house worker. (R. 45-46, 247.)

Plaintiff's claim for benefits was denied initially and on reconsideration, and she requested a hearing. (R. 51-76, 95-97.) On initial review, the agency physician, William Spence, MD, assessed that Plaintiff had a history of being followed for obesity, but she listed no allegations of physical conditions or limitations to physical activity. (R. 55.) Dr. Spence found Plaintiff's "Physical is non-severe." (*Id.*) On reconsideration, agency physician, Scott Newton, MD, noted Plaintiff's history of headaches, chronic joint pian, and obesity. (R. 69.) Plaintiff was then found to have medically determinable impairments of dysfunction-major joints, migraine, and obesity—all non-severe. (*Id.*) Plaintiff was further found to have severe impairments of "Depressive, Bipolar and Related Disorders" and "Anxiety and Obsessive-Compulsive Disorders." (*Id.*)

3

Plaintiff then requested an administrative hearing, which ALJ Lawrence T. Ragona conducted. (R. 29-48, 95-96.) At the hearing, Plaintiff testified primarily regarding her mental symptoms, but she also testified to being tired, unable to work full-time due to her need to nap during the day, and taking 2-4 hour naps twice per day. (R. 39-42.) The ALJ issued his decision on April 23, 2021, finding Plaintiff not disabled. (R. 15-23.) The Appeals Council denied review on January 21, 2022 (R. 1-5), rendering the Commissioner's decision final. 20 C.F.R. § 416.1481. Plaintiff appeals.

### III.   The ALJ's Decision

In his decision, the ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since the application date of August 27, 2019. (R. 17.) At step two, the ALJ found Plaintiff had the severe impairments of major depressive disorder and anxiety disorder. (R. 17.) The ALJ did not address any physical impairments, severe or non-severe. At step three, the ALJ found Plaintiff's impairments did not meet or equal a listed impairment. (R. 17-18.)

The ALJ then determined Plaintiff had the RFC to perform a full range of work at all exertional levels, with the following non-exertional limitations:

> claimant can perform work with simple 1-2-3 step instructions and only occasional interaction with the general public.

(R. 19.) The ALJ summarized Plaintiff's testimony and the mental health-related evidence that went into this finding. (R. 19-21.)

At step four, based on the testimony of a vocational expert ("VE"), the ALJ concluded Plaintiff could not return to her past relevant work. (R. 21.) At step five, however, the ALJ concluded that Plaintiff could perform other occupations existing in significant numbers in the national economy, including packager and kitchen helper. (R. 22.) The ALJ thus found Plaintiff was not disabled. (R. 22-23.)

IV. **Issues**

Plaintiff asserts the ALJ erred by: (1) failing to consider all her impairments at step two (ECF No. 10 at 2-3); (2) failing to consider and account for all her impairments and limitations in the RFC assessment (*id.* at 3-4, 9); (3) failing to properly evaluate the medical source opinion of treating physician Dr. Weldon Mallgren (*id.* at 4-7); and (4) failing to identify a job she could perform, existing in significant numbers, given the limitations in her RFC (*id.* at 7-9).[1]  While a failure to consider Plaintiff's physical impairments at step two would be harmless, the ALJ's failure to consider them in forming the RFC is fatal.  The Court reverses on this basis and does not address Plaintiff's other arguments.

V. **Analysis**

  A. **Step Two**

Plaintiff first contends the ALJ failed to consider her diagnosed PTSD, hypertension, obesity, headaches, insomnia, and asthma at step two of the sequential evaluation.  (ECF No. 10 at 2-3.)  Generally, such an error is harmless—if the ALJ finds the claimant has at least one severe impairment and proceeds to the next steps.  *See Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016) ("[T]he failure to find a particular impairment severe at step two is not reversible error when the ALJ finds that at least one other impairment is severe."); *Carpenter v. Astrue*, 537 F.3d 1264, 1266 (10th Cir. 2008) ("[A]ny error here became harmless when the ALJ reached the proper conclusion that Mrs. Carpenter could not be denied benefits conclusively at step two and proceeded to the next step of the evaluation sequence.").  Here, the ALJ found Plaintiff to have other severe

---

[1] The undersigned has re-organized Plaintiff's arguments for clarity.

impairments at step two and proceeded with the analysis. (R. 17.) At that point, there was no reversible error.

### B. The RFC

However, by continuing to ignore Plaintiff's impairments in formulating the RFC, the ALJ committed a reversible error. The rationale for a "harmless error" finding at step two is that, so long as the ALJ proceeds properly through the remaining steps, he will necessarily consider the functional impact of <u>all</u> the claimant's medically determinable impairments, severe or non-severe. In other words, if the RFC subsequently accounts for the functional limitations resulting from the previously omitted impairment, then the step two omission would not affect the outcome of the ALJ's decision because the RFC would not change. *See Grotendorst v. Astrue,* 370 F. App'x 879, 883 (10th Cir. 2010) (unpublished).[2]

Here, the ALJ did not perform a complete RFC assessment. A claimant's RFC is her "maximum remaining ability to do sustained work activities in an ordinary work setting" for eight hours a day, five days per week, despite her medical impairments and symptoms. SSR 96-8p, 1996 WL 374184, at *2 (July 2, 1996) (emphasis omitted). In assessing the RFC, "the ALJ must consider the combined effect of all of the claimant's impairments, *whether severe or not severe.*" *Wells v. Colvin,* 727 F.3d 1061, 1065 (10th Cir. 2013); *see also* 20 C.F.R. § 416.945(a)(2) ("We will consider all of your medically determinable impairments of which we are aware, including [those] that are not 'severe' . . . when we assess your residual functional capacity.").

---

[2] Unpublished decisions are not precedential, but they may be cited for their persuasive value. 10th Cir. R. 32.1(A).

In this case, the ALJ erred when he failed to mention, let alone consider the potential effects of—at a minimum—Plaintiff's obesity. The ALJ ignored the agency doctor's determination that Plaintiff had the (non-severe) medically determinable impairment of obesity (R. 69) and performed no analysis of whether he considered this impairment to exist, much less its effects.[3] The ALJ did so while discounting Plaintiff's complaints of fatigue and despite numerous medical records showing Plaintiff's treatment for obesity and its interrelation with her depression. (R. 400, 410, 413.) And, this was despite being required to consider the limiting effects of obesity when assessing the RFC. *See* SSR 19-2p, 2019 WL 2374244, at *4. "Obesity in combination with another impairment(s) may or may not increase the severity or functional limitations of the other impairment." *Id.* at *2. Thus, the ALJ should "not make general assumptions about the severity or functional effects of obesity combined with another impairment(s)," but rather should "evaluate each case based on the information in the case record." *Id.* at *4.

It is possible, had he considered obesity, the ALJ—like the agency physician—would have found it to be a non-severe impairment. It is also possible that he would have found it to have no effect on the severity of Plaintiff's fatigue, inability to work a full day due to napping, or other claimed symptoms. But, the ALJ failed to consider this evidence, and the Court cannot find his decision supported by substantial evidence.

---

[3] Had the ALJ analyzed Plaintiff's obesity, it is likely he would have found it to be a medically determinable impairment. "We consider the person to have an MDI [medically determinable impairment] of obesity as long as his or her weight, measured waist size, or BMI shows a consistent pattern of obesity." SSR 19-2p, 2019 WL 2374244, at *3 (May 20, 2019). Plaintiff's records for the relevant time period consistently show a BMI from 36 to over 40 (R. 405, 410, 413, 498, 507, 589, 592), with a waist size of 40 inches at the beginning of the period of weight gain (R. 361).

## VI. Conclusion

For the foregoing reasons, the Commissioner's decision finding Plaintiff not disabled is **REVERSED and REMANDED** for proceedings consistent with this Opinion and Order.

**SO ORDERED** this 6th day of June, 2023.

_____
SUSAN E. HUNTSMAN, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT